983 F.2d 1056
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur HICKS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Clinchfield Coal
Company, Respondents.
 No. 91-1263.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 16, 1992
Decided: January 14, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (89-0474-BLA)
 Arthur Hicks, Petitioner Pro Se. Roscoe Conkling Bryant, III, Michael John Denney, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Michael Francis Blair, PENN, STUART, ESKRIDGE & JONES, Abingdon, Virginia, for Respondents.
 Ben. Rev. Bd.
 VACATED AND REMANDED.
 Before NIEMEYER, Circuit Judge, and BUTZNER and SPROUSE, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Arthur Hicks appeals from a decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") decision to deny his application for black lung benefits. The ALJ found the evidence of record insufficient to establish pneumoconiosis and the Board affirmed.*
 
 
 2
 In finding the X-ray evidence of record insufficient to establish the presence of pneumoconiosis, the ALJ relied on the"later evidence rule," noting that the three most recent X-rays of record were interpreted negatively. Subsequent to the decisions of the Board and the ALJ, we issued our decision in Adkins v. Office of Workers' Compensation Programs, 958 F.2d 49 (4th Cir. 1992), wherein we rejected the application of the later evidence rule to X-ray evidence where the most recent X-rays are negative. We held that while the progressive nature of pneumoconiosis logically justifies the placement of greater weight upon the most recent X-rays where such X-rays are positive for pneumoconiosis, the converse is not true, since pneumoconiosis, once present, cannot disappear. Id. at 51-52.
 
 
 3
 Because the ALJ's weighing of the X-ray evidence, which the Board affirmed, is directly in conflict with our decision in Adkins, we vacate the decision of the Board and remand to the ALJ for reconsideration. Upon reconsideration of the issue of pneumoconiosis, we instruct the ALJ to reconsider Dr. Robinette's finding of pneumoconiosis, since the ALJ rejected this finding, in part, because Dr. Robinette relied upon positive X-ray interpretations rejected by the ALJ because they were not as recent as Clinchfield's negative X-rays.
 
 
 4
 Accordingly, the Board's decision is vacated and remanded for further proceedings consistent with this opinion. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 We note that Clinchfield Coal Company has not challenged on appeal the Board's finding that review of the merits of Hicks's claim is not precluded on the grounds that his claim was abandoned or constitutes an unreviewable duplicate claim